BOWMAN AND BROOKE LLP
Michael J. Hurvitz, (SBN: 249050)
Patrick J. Raue (SBN: 293004)
750 B. Street, Suite 1740
San Diego, CA 92101
Tel No:   619/ 376-2500
Fax No:   619/ 376-2501
michael.hurvitz@bowmanandbrooke.com
patrick.raue@bowmanandbrooke.com

Attorneys for Defendants
VOLVO CAR USA, LLC AND VOLVO, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPANCER HUEISHENG PAN AND KATHY IFANG PAN,<br><br>Plaintiff,<br><br>vs.<br><br>VOLVO CARS OF NORTH AMERICA, LLC; VOLVO OF ORANGE COUNTY; DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:  8:18-cv-02308<br><br>**(Removed from Orange County Superior Court Case No. 30-2018-01034721-CU-BC-CJC)**<br><br>**DEFENDANT VOLVO CAR USA, LLC'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1331, FEDERAL QUESTION JURISDICTION**<br><br>Judge:<br>Magistrate |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Defendant Volvo Car USA, LLC ("Volvo") hereby removes this case to the United States District Court for the Western District of California under 28 U.S.C. § 1441 (a), based upon federal question jurisdiction under 28 U.S.C. § 1331. The basis for removal is as follows:

1.     On November  27, 2018, Plaintiffs Spancer Hueisheng Pan and Kathy Ifang Pan filed a lawsuit in the Orange County Superior Court entitled: *Spancer Hueisheng Pan and Kathy Ifan Pan v. Volvo Cars of North America, LLC, Volvo of*

*Orange County, and DOES 1 through 10, inclusive*, Case No. 30-2018-01034721-CU-BC-CJC, alleging causes of action against Volvo relating to the purchase of a 2010 Volvo S80 VIN: YV1960ASXA1132064 (hereinafter "Vehicle"). Plaintiffs state causes of action for breach of warranty pursuant to Song-Beverly Consumer Warranty Act, and Magnuson-Moss Warranty Act. *See* Declaration of Michael J. Hurvitz ("Hurvitz Decl."), ¶ 2; Ex. A, Pl.'s Compl. and Service of Process Transmittal.

2. Volvo was served with the complaint on November 29, 2018, though its designated agent for service of process, CT Corporation System. Hurvitz Decl., ¶ 2; Ex. A. It was on that date that Volvo received, though service or otherwise, a copy of the pleading, Motion or Order of other paper from which it could first be ascertained that the case is one which is removable. Hurvitz Decl., ¶ 2; Ex. A. Accordingly, this Notice of removal is timely filed. No proceedings have taken place in the state court action.

3. This Court has original jurisdiction over this civil lawsuit under 28 U.S.C. § 1331, and it is one which may be removed to this Court by defendant Volvo under 28 U.S.C. § 1441(a) because plaintiffs allege a cause of action arising under the Federal Magnuson-Moss Warranty Act, 15 U.S.C. §2301, *et. seq.*, and satisfies the necessary amount in controversy under that statute.

4. The Superior Court of the State of California for the County of Orange is located in the Central District of California. Therefore, venue is proper under 28 U.S.C. § 84 because this is the "district and division within which such action is pending . . .." *See* 28 U.S.C. § 1446(a).

5. No previous application has been made for the relief requested herein.

6. Under 28 U.S.C. § 1446(d), a copy of this Notice of removal is being served upon counsel for plaintiffs and co-defendant VOLVO OF ORANGE

///

COUNTY, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Orange.

## This Court Has Original Jurisdiction Under 28 U.S.C. §1331
### (Federal Question Jurisdiction)

**A.    This Action Arises Under a Federal Statute**

7.    This Court has Federal Question Jurisdiction under to 28 U.S.C. § 1331 because the sixth cause of action arises under the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, and because Plaintiffs' claims for damages satisfies the necessary amount in controversy under that statute.

8.    Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" the federal law within the meaning of 28 U.S.C. § 1331 if: (1) federal law creates the cause of action, or (2) the plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

9.    This Court has original jurisdiction of plaintiffs' sixth cause of action because it "arises under" a federal statute, *i.e.*, 15 U.S.C. § 2301 *et seq.*, otherwise known as the Magnuson-Moss Warranty Act.

**B.    The Amount in Controversy Requirement of the Manguson-Moss Warranty Act is Met**

10.    The Magnuson-Moss Warranty Act states in part that a consumer who is damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable relief in an appropriate district court of the United States, subject to paragraph (3) of this subsection." 15 U.S.C. § 2310(d)(1)(B). Paragraph (3) goes on to state that "[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs)

computed on the basis of all claims to be determined in this suit . . . ." 15 U.S.C. §2310(d)(3)(B).

11. The amount in controversy is satisfied. The amount exceeds $50,000.00, exclusive of interest and costs, for the following reasons:

   a. Plaintiffs claim they suffered damages in a sum to be proven at trial in an amount that exceeds $25,001.00 [absent civil penalties]. Ex. A, ¶ 13.

   b. Plaintiffs allege they are entitled to restitution for the purchase of the vehicle. Ex. A, Prayer.

   c. Plaintiffs allege they are entitled to incidental and consequential damages according to proof. Ex. A, Prayer.

   d. Plaintiffs claim they are entitled to a civil penalty of two times their actual damages. Ex. A, Prayer.

12. At a minimum, Plaintiffs are seeking in excess of $75,003.00 (three times the amount of the minimum damages of $25,001.00) in monetary damages and civil penalties, not including other compensatory damages, prejudgment interest, or attorneys' fees. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046, n.3 (9th Cir. 2000) (civil penalties under Cal. Civ. Code § 52(a) and punitive damages are included in the amount in controversy). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens* (2014 135 S.Ct. 547, 553. Typically, attorney's fees are not considered part of the amount in controversy for diversity purposes. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir.1998). However, where an underlying statute, such as the Song-Beverly Act, authorizes an award of attorney's fees, such fees may be included in calculating the amount in controversy. *See Id.*; *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir.2000). Further, the amount in controversy is an estimate of the amount in dispute,

rather than an assessment of the defendant's potential liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal court unless plaintiff cannot possibly recover that amount. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). Lastly, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.*)* Accordingly, Volvo submits that the amount in controversy has been met.

13. Because Plaintiffs' Complaint seeks well in excess of $50,000.00 in monetary damages and civil penalties, not including other compensatory damages or attorneys' fees, the amount in controversy for a Magnuson-Moss claim is satisfied.

## This Court Has Supplemental Jurisdiction

14. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). The Supreme Court has noted that the supplemental jurisdiction statute "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts . . . have original jurisdiction'…." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997). Although one of several claims does not "arise under" federal law, removal is still appropriate if that claim is transactionally related (*i.e.,* "supplemental") to at least one substantial federal claim. *Zuniga v. Blue Cross & Blue Shield of Michigan*, 52 F.3d 1395, 1399 (6th Cir. 1995). A single case exists in the constitutional sense wherever the state and federal claims arise from a "common nucleus of operative facts" such that a

///

plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." *United Mine Workers v. Gibbs* (1966) 383 U.S. 715, 725.

15. Here, all of plaintiffs' causes of action arise out of the same nucleus of operative facts, *i.e.*, the purchase of the subject vehicle and its alleged warranties. Accordingly, to the extent there are other causes of action that later arise based on the same operative facts, this Court has supplemental jurisdiction under 28 U.S.C. § 1367. *See Priebe v. Autobarn, Ltd.*, 240 F.3d 584 (7th Cir. 2001) (where federal jurisdiction existed under Magnuson-Moss, district court properly exercised supplemental jurisdiction over plaintiffs' remaining causes of action including a state fraudulent business practices claim and a common law fraud claim).

16. Based upon the foregoing, all requirements for diversity jurisdiction removal have been met. Defendant Volvo therefore requests that this action now pending against it in the Superior Court of California, County of Orange, be removed to this Court, and that this Court assume complete jurisdiction in this matter.

17. This removal notice is timely filed as it is filed less than 30 days after Volvo was served with the complaint. Therefore, removal of this case is proper.

18. Defendant will promptly notify plaintiffs, co-defendant VOLVO OF ORANGE COUNTY, and the Superior Court of this removal as required by 28 U.S.C. § 1446(d).

DATED: December 31, 2018            BOWMAN AND BROOKE LLP

BY:  */s/ Michael J. Hurvitz*
     Michael J. Hurvitz
     Patrick J. Raue
     Attorneys for Defendant
     VOLVO CARS USA, LLC