BOWMAN AND BROOKE LLP
Michael J. Hurvitz, (SBN: 249050)
Patrick J. Raue (SBN:  293004)
750 B. Street, Suite 1740
San Diego, CA 92101
Tel No:   619/ 376-2500
Fax No:  619/ 376-2501
michael.hurvitz@bowmanandbrooke.com
patrick.raue@bowmanandbrooke.com

Attorneys for Defendants
VOLVO CAR USA, LLC AND VOLVO, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPANCER HUEISHENG PAN AND KATHY IFANG PAN,<br><br>Plaintiff,<br><br>vs.<br><br>VOLVO CARS OF NORTH AMERICA, LLC; VOLVO OF ORANGE COUNTY; DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO.:  8:18-cv-02308**<br><br>**(Removed from Orange County Superior Court Case No. 30-2018-01034721-CU-BC-CJC)**<br><br>**DECLARATION OF MICHAEL J. HURVITZ IN SUPPORT OF DEFENDANT VOLVO CAR USA, LLC'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1331, FEDERAL QUESTION JURISDICTION**<br><br>Judge:<br>Magistrate |

I, Michael Hurvitz, declare as follows:

1.      I am an attorney admitted to practice before all courts of the State of California and the Central District Court.  I am a partner at Bowman and Brooke LLP, attorneys of record for Defendant Volvo Cars of North America, LLC, a limited liability company. ("Volvo").  I have personal knowledge of all the facts set forth herein, and if called upon to so by the court, could and would testify competently thereto.  As to those matters stated upon information and belief, I am informed and believe such matters to be true.  This declaration is offered in support

of Defendant Volvo Car USA, LLC's Notice of Removal to the United States District Court for the Central District of California.

2. On November 27, 2018, Plaintiffs Spancer Hueisheng Pan and Kathy Ifang Pan filed a lawsuit in the Superior Court of the State of California, County of Orange, entitled *Spancer Hueisheng Pan and Kathy Ifang Pan v. Volvo Cars of North America, LLC, Volvo of Orange County, and DOES 1 through 10, inclusive*, Case No. 30-2018-01034721-CU-BC-CJC, alleging causes of action against Volvo relating to the purchase of a 2010 Volvo S80 VIN: YV1960ASXA1132064 (hereinafter "Vehicle"). Plaintiffs stated causes of action for breach of warranty pursuant to Song-Beverly Consumer Warranty Act, and Magnuson-Moss Warranty Act. No further proceedings have been had in the state court action. The complaint was served on Volvo on November 29, 2018, though its designated agent for service of process, CT Corporation System. A true and correct copy of Plaintiffs' Complaint is attached hereto as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this the 31st day of December 2018, at San Diego, California.


/s/ Michael J. Hurvitz
Michael J. Hurvitz, Declarant

DECLARATION OF MICHAEL J. HURVITZ IN SUPPORT OF DEFENDANT
VOLVO CARS OF NORTH AMERICA LLC'S NOTICE OF REMOVAL
UNDER 28 U.S.C. § 1331 FEDERAL QUESTION JURISDICTION

# EXHIBIT "A"

# CT Corporation

**Service of Process Transmittal**
11/29/2018
CT Log Number 534487849

| | |
|---|---|
| **TO:** | Michael Thomas, Attorney<br>Volvo Car North America, LLC<br>1 Volvo Dr<br>Rockleigh, NJ 07647-2596 |

**RE:** **Process Served in California**

**FOR:** Volvo Cars of North America, LLC  (Former Name)  (Domestic State: DE)<br>Volvo Car North America, LLC (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SPANCER HUEISHENG PAN and KATHY IFANG PAN, Pltfs. vs. VOLVO CARS OF NORTH AMERICA, LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT, CIVIL CASE COVER SHEET, NOTICE |
| **COURT/AGENCY:** | Orange County - Superior Court, CA<br>Case # 30201801034721CUBCCJC |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2010 Volvo S80 Vehicle Identification Number YV1960ASXA1132064 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/29/2018 at 15:56 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | TIONNA DOLIN<br>Strategic Legal Practices, APC<br>1840 Century Park East<br>Suite 430<br>Los Angeles, CA 90067<br>310-929-4900 |
| **REMARKS:** | Due to the illegible condition of the enclosed documents, CT's transmittal may be incomplete. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780116377406<br><br>Image SOP<br><br>Email Notification, Michael Thomas  mthoma78@volvocars.com<br><br>Email Notification, Robert Verona  robert.verona@volvocars.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

VOLVO CARS OF NORTH AMERICA, LLC; VOLVO OF ORANGE COUNTY; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SPANCER HUEISHENG PAN and KATHY IFANG PAN

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**11/27/2018** at 02:36:01 PM
Clerk of the Superior Court
By Isia Vazquez,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Central Justice Center<br><br>700 Civic Center Drive West<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número de Caso):* Judge Deborah Servino<br>30-2018-01034721-CU-BC-CJC |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tionna Dolin; 1840 Century Park East, Suite 430, Los Angeles, CA 90067; Tel: (310) 929-4900

| DATE: 11/27/2018<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by | , Deputy |
|---|---|---|---|
| | | Isia Vazquez | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: VOLVO CARS OF NORTH AMERICA, LLC

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify)*: limited liability company.
4. ☒ by personal delivery on *(date)*: 11/28/18

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

TIONNA DOLIN (SBN 299010)
e-mail: tdolin@slpattorney.com
**Strategic Legal Practices, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile:  (310) 943-3838

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**11/27/2018** at 02:38:01 PM

Clerk of the Superior Court
By Isia Vazquez,Deputy Clerk

Attorneys for Plaintiffs SPANCER HUEISHENG PAN and KATHY IFANG PAN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| SPANCER HUEISHENG PAN and KATHY IFANG PAN<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>VOLVO CARS OF NORTH AMERICA, LLC; VOLVO OF ORANGE COUNTY; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case Nos.: 30-2018-01034721-CU-BC-CJC<br><br>Hon. Judge Deborah Servino<br>Dept.:<br><br>**COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS**<br><br>JURY TRIAL DEMANDED |

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

Plaintiffs allege as follows:

## PARTIES

1.    As used in this Complaint, the word "Plaintiffs" shall refer to Plaintiffs SPANCER HUEISHENG PAN and KATHY IFANG PAN.

2.    Plaintiffs are residents of Orange County, California.

3.    As used in this Complaint, the word "Defendants" shall refer to all Defendants named in this Complaint.

4.    Defendant VOLVO CARS OF NORTH AMERICA, LLC ("Defendant Volvo NA") is a corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in California. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in Orange County.

5.    Defendant VOLVO OF ORANGE COUNTY ("Defendant Volvo OC") is an unknown business entity conducting business in the State of California. At all times relevant herein, Defendant was engaged in the business of selling automobiles and automobile components and servicing and repairing automobiles in Orange County, California.

6.    Plaintiffs are ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure section 474.   When Plaintiffs become aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiffs will amend this Complaint to state their true names and capacities.

## TOLLING OF THE STATUTES OF LIMITATION

7.    To the extent there are any statutes of limitation applicable to Plaintiffs' claims-including, without limitation, the express warranty, implied warranty, and Magnuson-Moss claims – the running of the limitation periods have been tolled by, *inter alia*, the following doctrines or rules:  equitable tolling, the discovery rule, the fraudulent concealment rules, equitable estoppel, the repair rule, and/or class action tolling (e.g., *the American Pipe rule*).

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1

**FIRST CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT VOLVO NA**

**VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2**

8.      On or about September 30, 2010, Plaintiffs purchased a 2010 Volvo S80, vehicle identification number YV1960ASXA1132064, (hereafter "Vehicle"), from Defendant Volvo OC, which was manufactured and or distributed by Defendant.  The Vehicle was purchased or used primarily for personal, family, or household purposes.  Plaintiffs purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

9.      In connection with the purchase, Plaintiffs received an express written warranty, including, a 5-year/60,000 mile express bumper to bumper warranty and a 5-year/60,000 mile powertrain warranty which, inter alia, covers the engine and transmission. Defendant undertook to preserve or maintain the utility or performance of the Subject Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time.  The warranty provided, in relevant part, that in the event a defect developed with the Subject Vehicle during the warranty period, Plaintiffs could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

10.      During the warranty period, the Vehicle contained or developed defects, including but not limited to, defects related to the steering system; defects causing the low oil light to illuminate; defects causing excessive oil consumption; defects relating to the engine; defects causing piston ring failure; defects requiring replacement of pistons; defects requiring software upgrades for the engine control module (ECM); defects requiring spark plug kit replacement; defects requiring throttle body intake manifold replacement; defects requiring oil trap replacement; defects requiring cylinder head replacement; defects requiring gasket and/or oil pan replacement; defects causing poor AM radio reception; defects causing weak AM radio signal; electrical defects; defects requiring antenna amplifier multipath replacement; defects causing the airbag light to illuminate; defects related to the SRS control module; defects causing faults in the SRS control module; defects related to fuel economy; defects

STRATEGIC LEGAL PRACTICES, A PC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

2

requiring vacuum pump brake replacement; defects requiring brake booster vacuum pump refurbishment; defects relating to the lubricating and oil system; defects causing squeaking when turning left or right; defects causing the driver side door not to open from the outside; defects requiring power steering fluid reservoir replacement; defects causing the low beam light to burn out; defects requiring replacement of the power steering pump; and/or any other defects enumerated in the Vehicle's repair history. Said defects substantially impair the use, value, or safety of the Vehicle.

11.    Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiffs as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2).

12.    Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code section 1794.

13.    Plaintiffs suffered damages in a sum to be proven at trial in an amount not less than $25,001.00.

14.    Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (c).

15.    Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiffs are

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

3

1    entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code

2    section 1794, subdivision (e).

3         16.     Plaintiffs seek civil penalties pursuant to section 1794, subdivisions (c), and (e)

4    in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code

5    section 1794, subdivision (f).

**SECOND CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT VOLVO NA**

**VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2**

9         17.     Plaintiffs incorporate by reference the allegations contained in the paragraphs

10   set forth above.

11        18.     Although Plaintiffs presented the Vehicle to Defendant's representative in this

12   state, Defendant and its representative failed to commence the service or repairs within a

13   reasonable time and failed to service or repair the Vehicle so as to conform to the applicable

14   warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b).

15   Plaintiffs did not extend the time for completion of repairs beyond the 30-day requirement.

16        19.     Plaintiffs have been damaged by Defendant's failure to comply with its

17   obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of

18   Action pursuant to Civil Code section 1794.

19        20.     Plaintiffs have rightfully rejected and/or justifiably revoked acceptance of the

20   Vehicle, and has exercised a right to cancel the purchase.  By serving this Complaint,

21   Plaintiffs do so again.  Accordingly, Plaintiffs seek the remedies provided in California Civil

22   Code section 1794(b)(1), including the entire contract price.  In the alternative, Plaintiffs seek

23   the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in

24   value of the Vehicle resulting from its defects.  Plaintiffs believe that, at the present time, the

25   Vehicle's value is *de minimis*.

26        21.     Defendant's failure to comply with its obligations under Civil Code section

27   1793.2(b) was willful, in that Defendant and its representative were aware that they were

28   obligated to service or repair the Vehicle to conform to the applicable express warranties

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

4

**COMPLAINT; JURY TRIAL DEMANDED**

within 30 days, yet they failed to do so.  Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

## THIRD CAUSE OF ACTION

### BY PLAINTIFFS AGAINST DEFENDANT VOLVO NA

### VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2

22.    Plaintiffs incorporate by reference the allegations contained in paragraphs set forth above.

23.    In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period.  Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

24.    Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet Defendant failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages; pursuant to Civil Code section 1794(c).

## FOURTH CAUSE OF ACTION

### BY PLAINTIFFS AGAINST DEFENDANT VOLVO NA

### BREACH OF EXPRESS WRITTEN WARRANTY

### (CIV. CODE, § 1791.2, SUBD. (a); § 1794)

25.    Plaintiffs incorporate by reference the allegations contained in paragraphs set forth above.

26.    In accordance with Defendant's warranty, Plaintiffs delivered the Vehicle to Defendant's representative in this state to perform warranty repairs.  Plaintiffs did so within a reasonable time.  Each time Plaintiffs delivered the Vehicle, Plaintiffs notified Defendant and

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

5

1   its representative of the characteristics of the Defects.  However, the representative failed to

2   repair the Vehicle, breaching the terms of the written warranty on each occasion.

3       27.     Plaintiffs have been damaged by Defendant's failure to comply with its

4   obligations under the express warranty, and therefore brings this Cause of Action pursuant to

5   Civil Code section 1794.

6       28.     Defendant's failure to comply with its obligations under the express warranty

7   was willful, in that Defendant and its authorized representative were aware that they were

8   obligated to repair the Defects, but they intentionally refused to do so.  Accordingly, Plaintiffs

9   are entitled to a civil penalty of two times of Plaintiffs' actual damages pursuant to Civil Code

10  section 1794(c).

**FIFTH CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANTS**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

**(CIV. CODE, § 1791.1; § 1794)**

15      29.     Plaintiffs incorporate by reference the allegations contained in the paragraphs

16  set forth above.

17      30.     Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied

18  by Defendant's implied warranty of merchantability.  Pursuant to Civil Code section 1791.1,

19  the duration of the implied warranty is coextensive in duration with the duration of the express

20  written warranty provided by Defendant, except that the duration is not to exceed one-year.

21      31.     Pursuant to Civil Code section 1791.1 (a), the implied warranty of

22  merchantability means and includes that the Vehicle will comply with each of the following

23  requirements:  (1) The Vehicle will pass without objection in the trade under the contract

24  description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3)

25  The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to

26  the promises or affirmations of fact made on the container or label.

27      32.     At the time of purchase, or within one-year thereafter, the Vehicle contained or

28  developed the defects set forth above. The existence of each of these defects constitutes a

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

6

**COMPLAINT; JURY TRIAL DEMANDED**

1    breach of the implied warranty because the Vehicle (1) does not pass without objection in the

2    trade under the contract description, (2) is not fit for the ordinary purposes for which such

3    goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not

4    conform to the promises or affirmations of fact made on the container or label.

5         33.    Plaintiffs have been damaged by Defendant's failure to comply with its

6    obligations under the implied warranty, and therefore brings this Cause of Action pursuant to

7    Civil Code section 1794.

8                            **SIXTH CAUSE OF ACTION**

9              **BY PLAINTIFFS AGAINST DEFENDANT VOLVO NA**

10          **VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

11        34.    Plaintiffs incorporate by reference the allegations contained in the paragraphs

12   set forth above.

13        35.    Plaintiffs are "consumers" as defined in the Magnuson-Moss Warranty Act

14   (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

15        36.    Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15

16   U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

17        37.    The Vehicle is a "consumer product" as defined in the Mag-Moss Act, 15

18   U.S.C. § 2301(1).

19        38.    In addition to the express warranty, in connection with the sale of the Vehicle

20   to Plaintiffs, an implied warranty of merchantability was created under California law. The

21   Vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the

22   Vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

23        39.    Defendant violated the Mag-Moss Act when it breached the express warranty

24   and implied warranties by failing to repair the defects and nonconformities, or to replace the

25   Vehicle.

26        40.    Plaintiffs have also met all of Plaintiffs' obligations and preconditions to bring

27   this claim, or alternatively it would have been futile for Plaintiffs to do so.

28

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

---

7

**COMPLAINT; JURY TRIAL DEMANDED**

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

41.     In addition,  Plaintiffs have met all of Plaintiff's obligations for bringing this claim as provided in the written warranties, or alternatively,  Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

42.     As a direct and proximate result of the acts and omissions of the Defendant, Plaintiffs have been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

43.     Under the Act, Plaintiffs are entitled to reimbursement of the entire amount paid or payable.

44.     Plaintiffs are entitled to all incidental, consequential, penalties, and general damages resulting from Defendant's failure to comply with their obligations under the Mag-Moss Act.

45.     Plaintiffs have been damaged by Defendant's failure to comply with its obligations under the express warranty, implied warranty, as well as any other violations alleged here, and therefore brings this claim pursuant to 15 U.S.C. §2310(d) and seeks remedies available pursuant to Magnuson-Moss Act under California law, including California Civil Code Section 1794 and/or California Commercial Code Sections 2711-2715, and/or other remedies that the Court may deem proper.

46.     Plaintiffs are entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

///

///

///

8

STRATEGIC LEGAL PRACTICES, APC
1840 Century Park East, Suite 430, Los Angeles, CA 90067

### SEVENTH CAUSE OF ACTION

### BY PLAINTIFFS AGAINST DEFENDANT VOLVO NA

### (Fraud by Omission)

47.     Plaintiffs incorporate by reference the allegations contained in the paragraphs forth above.

48.     Defendant Volvo NA committed fraud by allowing the Vehicle to be sold to Plaintiffs without disclosing that the Vehicle and its engine was defective and susceptible to sudden and premature failure.

49.     Indeed, Plaintiffs allege that prior to the sale of the Vehicle to Plaintiffs, Defendant Volvo NA knew that the Vehicle and its engine suffered from an inherent defect, was defective, would fail prematurely, and was not suitable for its intended use.

50.     Defendant Volvo NA was under a duty to Plaintiffs to disclose the defective nature of the Vehicle and its engine, its safety consequences and/or the associated repair costs because:

a)      Defendant knew that 2010 Volvo S80 vehicles equipped with this engine had one or more defects that can result in various problems, including, but not limited to, improperly burning off and/or consuming abnormally high amounts of engine oil ("Oil Defect").

b)      These conditions present a safety hazard and are unreasonably dangerous to consumers. This is because the Oil Defect prevents the engine from maintaining the proper level of engine oil and causes voluminous oil consumption that cannot be reasonably anticipated or predicted, thereby potentially causing sudden and premature engine failure while the vehicle is operation at any time and under any driving conditions or speeds and thus contributing to car accidents.

c)      In addition to these safety hazards, the Oil Defect can result in additional monetary costs to consumers such as Plaintiffs, who can incur costs for unreasonably frequent oil changes and/or oil additions, in addition to repair costs due to resulting breakdown of engine parts.

9

d)  Upon information and belief, Defendant acquired its knowledge of the Oil Defect and its potential consequences prior to Plaintiffs acquiring the Vehicle, through sources not available to consumers such as Plaintiffs, including but not limited to pre-production testing data, post-production testing, early consumer complaints about the Oil Defect made directly to Defendant and its network of dealers, aggregate warranty data compiled from Defendant's network of dealers, testing conducted by Defendant in response to these complaints, as well as warranty repair and part replacements data received by Defendant from Defendant's network of dealers, amongst other sources of internal information;

e)  Defendant was in a superior position to know the true state of facts about the safety defects contained in the Vehicle and its engine;

f)  Plaintiffs could not reasonably have been expected to learn about or discover the Vehicle's Oil Defect and its potential consequences until after Plaintiffs purchased the Vehicle and Defendant failed to repair it after a number of repair attempts;

g)  Defendant knew (or should have known) that Plaintiffs could not reasonably have been expected to learn about or discover the Oil Defect and its potential safety consequences prior to purchasing the subject Vehicle;

h)  Defendant knew (or should have known) that Plaintiffs could not reasonably have been expected to learn about the defect until after the engine failed and Defendant's inability to repair it after a number of repair attempts.

54.  Plaintiffs are informed, believes, and thereon alleges that while Defendant knew about the Oil Defect, and its safety risks since at least 2010, and prior to Plaintiffs acquiring the Vehicle, Defendant nevertheless concealed and failed to disclose the defective nature of the Vehicle and its engine to Plaintiffs at the time of sale and thereafter. Had Plaintiffs known that the subject Vehicle suffered from the Oil Defect, she would not have purchased the Vehicle.

55.  In failing to disclose the defects in the Vehicle's engine, Defendant Volvo NA has knowingly and intentionally concealed material facts and breached its duty not to do so.

COMPLAINT; JURY TRIAL DEMANDED

56.     The facts concealed or not disclosed by Defendant Volvo to Plaintiffs is material in that a reasonable person would have considered them to be important in deciding whether or not to purchase the Vehicle.  Had Plaintiffs known that the Vehicle and its engine were defective at the time of sale, he would not have purchased the Vehicle.

57.     Plaintiffs are reasonable consumers who interacted with Defendant Volvo NA's sales representatives and reviewed materials disseminated by Defendant Volvo NA concerning vehicles of the same year, make and model prior to purchasing the Vehicle. Had Defendant disclosed the Oil Defect, a safety hazard, to its sales representatives and/or the consumer public, Plaintiffs would have been aware of it and would not have purchased the Vehicle.

58.     Plaintiffs are reasonable consumers who does not expect their Vehicle's engine to fail and not work properly. Plaintiffs further expects and assumes that Defendant will not sell or lease vehicles with known material defects, including but not limited to those involving the Vehicle's engine, and will disclose any such defect to its consumers before selling such vehicles.

59.     In failing to disclose the defects in the Vehicle's engine, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

60.     As a result of Defendant Volvo NA's misconduct, Plaintiffs have suffered and will continue to suffer actual damages.

## PRAYER

PLAINTIFF PRAYS for judgment against Defendant as follows:

    a.  For Plaintiffs' actual damages in an amount according to proof;

    b.  For restitution;

    c.  For a civil penalty in the amount of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

    d.  For any consequential and incidental damages;

    e.  For costs of the suit and Plaintiffs' reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

11

1    f.   For punitive damages;

2    g.   For any remedies pursuant to the Magnuson-Moss Act, including but

3         not limited to those remedies provided under the Song-Beverly Act, the

4         California Uniform Commercial Code and/or any other remedy that the

5         Court deems proper;

6    h.   For prejudgment interest at the legal rate; and

7    i.   For such other relief as the Court may deem proper.

8

9                           **DEMAND FOR JURY TRIAL**

10   Plaintiff hereby demands a jury trial on all causes of action asserted herein.

11

12   Dated: November 27, 2018                STRATEGIC LEGAL PRACTICES, APC

13

14

15                                   

16                          BY: _____

17                              TIONNA DOLIN
                                Attorney for Plaintiffs SPANCER
18                              HUEISHENG PAN and KATHY IFANG
                                PAN

19

20

21

22

23

24

25

26

27

28

**COMPLAINT; JURY TRIAL DEMANDED**

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*:<br>Tionna Dolin SBN 299010<br>Strategic Legal Practices, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, California 90067<br>TELEPHONE NO.: (310) 277-1040      FAX NO.: (310) 943-3838<br>ATTORNEY FOR *(Name)*: SPANCER HUEISHENG PAN et al | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**11/27/2018** at 02:38:01 PM<br>Clerk of the Superior Court<br>By Isia Vazquez,Deputy Clerk |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE<br>STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS: 700 Civic Center Drive West<br>CITY AND ZIP CODE: Santa Ana, California 92701<br>BRANCH NAME: Central Justice Center | |

| | |
|---|---|
| **CASE NAME:**<br>PAN v. VOLVO CARS OF NORTH AMERICA, LLC et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2018-01034721-CU-BC-CJC |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE: Judge Deborah Servino<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: seven (7)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/27/18

Tionna Dolin
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

## NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

## BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

## DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.   ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.**  Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.**  Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.**  Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials.  Sometimes parties will try a combination of ADR types.  The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA).  For information regarding DRPA, contact:
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE).  For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session.  For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session.  Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                          Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name)*:                    Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central – 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center – 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
       ☐ Under section 1141.11 of the Code of Civil Procedure
       ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date: _____
       _____        _____
       (SIGNATURE OF PLAINTIFF OR ATTORNEY)        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____
       _____        _____
       (SIGNATURE OF DEFENDANT OR ATTORNEY)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**