TIONNA DOLIN (SBN 299010)
e-mail: tdolin@slpattorney.com
**Strategic Legal Practices, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorneys for Plaintiffs
SPANCER HUEISHENG PAN and KATHY IFANG PAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPANCER HUEISHENG PAN and KATHY IFANG PAN<br><br>Plaintiffs,<br><br>vs.<br><br>VOLVO CARS OF NORTH AMERICA, LLC; VOLVO OF ORANGE COUNTY; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 8:18-cv-02308-KES<br><br>Hon. Karen E. Scott<br>Dept.: 6D<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS**<br><br>JURY TRIAL DEMANDED |

Plaintiffs allege as follows:

## PARTIES

1. As used in this Complaint, the word "Plaintiffs" shall refer to Plaintiffs SPANCER HUEISHENG PAN and KATHY IFANG PAN.

2. Plaintiffs are residents of Orange County, California.

3. As used in this Complaint, the word "Defendants" shall refer to all Defendants named in this Complaint.

4. Defendant VOLVO CARS OF NORTH AMERICA, LLC ("Defendant Volvo NA") is a corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in California. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in Orange County.

5. Defendant VOLVO OF ORANGE COUNTY ("Defendant Volvo OC") is an unknown business entity conducting business in the State of California. At all times relevant herein, Defendant was engaged in the business of selling automobiles and automobile components and servicing and repairing automobiles in Orange County, California.

6. Plaintiffs are ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiffs become aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiffs will amend this Complaint to state their true names and capacities.

## TOLLING OF THE STATUTES OF LIMITATION

7. To the extent there are any statutes of limitation applicable to Plaintiffs' claims-

1

**FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED**

including, without limitation, the express warranty, implied warranty, and Magnuson-Moss claims – the running of the limitation periods have been tolled by, *inter alia*, the following doctrines or rules:  equitable tolling, the discovery rule, the fraudulent concealment rules, equitable estoppel, the repair rule, and/or class action tolling (e.g., *the American Pipe rule*).

## FIRST CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT VOLVO NA
## VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2

8. On or about September 30, 2010, Plaintiffs purchased a 2010 Volvo S80, vehicle identification number YV1960ASXA1132064, (hereafter "Vehicle"), from Defendant Volvo OC, which was manufactured and or distributed by Defendant.  The Vehicle was purchased or used primarily for personal, family, or household purposes.  Plaintiffs purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

9. In connection with the purchase, Plaintiffs received an express written warranty, including, a 5-year/60,000 mile express bumper to bumper warranty and a 5-year/60,000 mile powertrain warranty which, inter alia, covers the engine and transmission. Defendant undertook to preserve or maintain the utility or performance of the Subject Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time.  The warranty provided, in relevant part, that in the event a defect developed with the Subject Vehicle during the warranty period, Plaintiffs could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

10. During the warranty period, the Vehicle contained or developed defects, including but not limited to, defects related to the steering system; defects causing the low oil light to illuminate; defects causing excessive oil

**FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED**

consumption; defects relating to the engine; defects causing piston ring failure; defects requiring replacement of pistons; defects requiring software upgrades for the engine control module (ECM); defects requiring spark plug kit replacement; defects requiring throttle body intake manifold replacement; defects requiring oil trap replacement; defects requiring cylinder head replacement; defects requiring gasket and/or oil pan replacement; defects causing poor AM radio reception; defects causing weak AM radio signal; electrical defects; defects requiring antenna amplifier multipath replacement; defects causing the airbag light to illuminate; defects related to the SRS control module; defects causing faults in the SRS control module; defects related to fuel economy; defects requiring vacuum pump brake replacement; defects requiring brake booster vacuum pump refurbishment; defects relating to the lubricating and oil system; defects causing squeaking when turning left or right; defects causing the driver side door not to open from the outside; defects requiring power steering fluid reservoir replacement; defects causing the low beam light to burn out; defects requiring replacement of the power steering pump; and/or any other defects enumerated in the Vehicle's repair history. Said defects substantially impair the use, value, or safety of the Vehicle.

11.     Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities.  Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiffs as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2).

12.     Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code section 1794.

13.     Plaintiffs suffered damages in a sum to be proven at trial in an amount not less than $25,001.00.

14.     Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution.  Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (c).

15.     Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (e).

16.     Plaintiffs seek civil penalties pursuant to section 1794, subdivisions (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code section 1794, subdivision (f).

## SECOND CAUSE OF ACTION

## BY PLAINTIFFS AGAINST DEFENDANT VOLVO NA

## VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2

17.     Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

18.     Although Plaintiffs presented the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b).  Plaintiffs did not extend the time for completion of repairs beyond the 30-day requirement.

19.     Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

20.     Plaintiffs have rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the purchase. By serving this Complaint, Plaintiffs do so again. Accordingly, Plaintiffs seek the remedies provided in California Civil Code section 1794(b)(1), including the entire contract price. In the alternative, Plaintiffs seek the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiffs believe that, at the present time, the Vehicle's value is *de minimis*.

21.     Defendant's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

## THIRD CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT VOLVO NA
## VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2

22.     Plaintiffs incorporate by reference the allegations contained in paragraphs set forth above.

23.     In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period. Plaintiffs have been damaged by Defendant's failure to

comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

24. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet Defendant failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages; pursuant to Civil Code section 1794(c).

## FOURTH CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT VOLVO NA
## BREACH OF EXPRESS WRITTEN WARRANTY
## (CIV. CODE, § 1791.2, SUBD. (a); § 1794)

25. Plaintiffs incorporate by reference the allegations contained in paragraphs set forth above.

26. In accordance with Defendant's warranty, Plaintiffs delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiffs did so within a reasonable time. Each time Plaintiffs delivered the Vehicle, Plaintiffs notified Defendant and its representative of the characteristics of the Defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

27. Plaintiffs have been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

28. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally

**FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED**

refused to do so. Accordingly, Plaintiffs are entitled to a civil penalty of two times of Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

# FIFTH CAUSE OF ACTION
# BY PLAINTIFFS AGAINST DEFENDANTS
# BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
# (CIV. CODE, § 1791.1; § 1794; § 1795.5)

29. Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

30. Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

31. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

32. At the time of purchase, or within one-year thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

33. Plaintiffs have been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

## SIXTH CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT VOLVO NA
## (Fraud by Omission)

34. Plaintiffs incorporate by reference the allegations contained in the paragraphs forth above.

35. Defendant Volvo NA committed fraud by allowing the Vehicle to be sold to Plaintiffs without disclosing that the Vehicle and its engine was defective and susceptible to sudden and premature failure.

36. Indeed, Plaintiffs allege that prior to the sale of the Vehicle to Plaintiffs, Defendant Volvo NA knew that the Vehicle and its engine suffered from an inherent defect, was defective, would fail prematurely, and was not suitable for its intended use.

37. Defendant Volvo NA was under a duty to Plaintiffs to disclose the defective nature of the Vehicle and its engine, its safety consequences and/or the associated repair costs because:

a) Defendant knew that 2010 Volvo S80 vehicles equipped with this engine had one or more defects that can result in various problems, including, but not limited to, improperly burning off and/or consuming abnormally high amounts of engine oil ("Oil Defect").

b) These conditions present a safety hazard and are unreasonably dangerous to

consumers. This is because the Oil Defect prevents the engine from maintaining the proper level of engine oil and causes voluminous oil consumption that cannot be reasonably anticipated or predicted, thereby potentially causing sudden and premature engine failure while the vehicle is

8

**FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED**

operation at any time and under any driving conditions or speeds and thus contributing to car accidents.

c) In addition to these safety hazards, the Oil Defect can result in additional monetary costs to consumers such as Plaintiffs, who can incur costs for unreasonably frequent oil changes and/or oil additions, in addition to repair costs due to resulting breakdown of engine parts.

d) Upon information and belief, Defendant acquired its knowledge of the Oil Defect and its potential consequences prior to Plaintiffs acquiring the Vehicle, through sources not available to consumers such as Plaintiffs, including but not limited to pre-production testing data, post-production testing, early consumer complaints about the Oil Defect made directly to Defendant and its network of dealers, aggregate warranty data compiled from Defendant's network of dealers, testing conducted by Defendant in response to these complaints, as well as warranty repair and part replacements data received by Defendant from Defendant's network of dealers, amongst other sources of internal information;

e) Defendant was in a superior position to know the true state of facts about the safety defects contained in the Vehicle and its engine;

f) Plaintiffs could not reasonably have been expected to learn about or discover the Vehicle's Oil Defect and its potential consequences until after Plaintiffs purchased the Vehicle and Defendant failed to repair it after a number of repair attempts;

g) Defendant knew (or should have known) that Plaintiffs could not reasonably have been expected to learn about or discover the Oil Defect and its potential safety consequences prior to purchasing the subject Vehicle;

h) Defendant knew (or should have known) that Plaintiffs could not reasonably have been expected to learn about the defect until after the

9

**FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED**

engine failed and Defendant's inability to repair it after a number of repair attempts.

54. Plaintiffs are informed, believes, and thereon alleges that while Defendant knew about the Oil Defect, and its safety risks since at least 2010, and prior to Plaintiffs acquiring the Vehicle, Defendant nevertheless concealed and failed to disclose the defective nature of the Vehicle and its engine to Plaintiffs at the time of sale and thereafter. Had Plaintiffs known that the subject Vehicle suffered from the Oil Defect, she would not have purchased the Vehicle.

55. In failing to disclose the defects in the Vehicle's engine, Defendant Volvo NA has knowingly and intentionally concealed material facts and breached its duty not to do so.

56. The facts concealed or not disclosed by Defendant Volvo to Plaintiffs is material in that a reasonable person would have considered them to be important in deciding whether or not to purchase the Vehicle. Had Plaintiffs known that the Vehicle and its engine were defective at the time of sale, he would not have purchased the Vehicle.

57. Plaintiffs are reasonable consumers who interacted with Defendant Volvo NA's sales representatives and reviewed materials disseminated by Defendant Volvo NA concerning vehicles of the same year, make and model prior to purchasing the Vehicle. Had Defendant disclosed the Oil Defect, a safety hazard, to its sales representatives and/or the consumer public, Plaintiffs would have been aware of it and would not have purchased the Vehicle.

58. Plaintiffs are reasonable consumers who does not expect their Vehicle's engine to fail and not work properly. Plaintiffs further expects and assumes that Defendant will not sell or lease vehicles with known material defects, including

but not limited to those involving the Vehicle's engine, and will disclose any such defect to its consumers before selling such vehicles.

59. In failing to disclose the defects in the Vehicle's engine, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

60. As a result of Defendant Volvo NA's misconduct, Plaintiffs have suffered and will continue to suffer actual damages.

## PRAYER

PLAINTIFF PRAYS for judgment against Defendant as follows:

    a. For Plaintiffs' actual damages in an amount according to proof;

    b. For restitution;

    c. For a civil penalty in the amount of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

    d. For any consequential and incidental damages;

    e. For costs of the suit and Plaintiffs' reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

    f. For punitive damages;

    g. For prejudgment interest at the legal rate; and

    h. For such other relief as the Court may deem proper.

///
///
///
///
///

**FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED**

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: January 16, 2019         STRATEGIC LEGAL PRACTICES, APC

BY: _____
TIONNA DOLIN
Attorney for Plaintiffs SPANCER
HUEISHENG PAN and KATHY
IFANG PAN